UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE JONES, | CASE NO. C12-1915JLR |
| Plaintiff, | ORDER |
| v. | |
| LUMMI TRIBAL COURT, et al., | |
| Defendants. | |

On July 11, 2013, Plaintiff George Jones filed a motion asking the court to vacate all tribal court orders with respect to his daughter, M.J., to place M.J.'s custody with him, to enjoin any future assertion of tribal jurisdiction over M.J.'s custody, and to award him attorney's fees and costs. (Mot. (Dkt. # 48).) On September 30, 2013, the court entered an order with respect to Mr. Jones's motion. (9/30/13 Order (Dkt. # 60).) The court interpreted Mr. Jones's motion as one for summary judgment but concluded that he was not entitled to summary judgment. (*Id.* at 2, 18.) Instead, the court issued an order to show cause as to why summary judgment should not be entered in favor of Defendants

ORDER- 1

based on the Violence Against Women Act, 18 U.S.C. § 2265(e), as amended and reauthorized by Congress on March 7, 2013 ("VAWA"). (*Id.* at 10-17.) The court ordered Mr. Jones to file his response to the court's order to show cause within 20 days of the date of its September 30, 2013, order. (*Id.* at 18.)

More than 20 days have now passed since the court issued its September 30, 2013, order, and neither Mr. Jones nor Defendants have filed a timely response to the court's order to show cause. Because neither party has responded or challenged the analysis contained within the court's September 30, 2013, order, the court concludes, consistent with that order, that Lummi Tribal Court has jurisdiction to issue the domestic violence protection order at issue that placed the custody of M.J. temporarily with her mother, Jackie Rose Jones, under the VAWA. Accordingly, the court enters summary judgment in favor of Defendants and dismisses this action in its entirety.

Dated this 22nd day of October, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 2